# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, <br><br> 201 Maryland Avenue, NE <br> Washington, DC 20002 <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF STATE, <br><br> The Executive Office <br> Office of the Legal Adviser, Suite 5.600 <br> 600 19th Street NW <br> Washington DC 20522 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 18-cv-0798 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARTAORY
## AND INJUNCTIVE RELIEF

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of Defendant, the United States Department of State ("DOS"), to respond to Plaintiff's FOIA request within the statutorily prescribed time period, and seeking the disclosure and release of agency records improperly withheld by Defendant. In support thereof, Plaintiff alleges and states as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has exhausted its administrative remedies.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3. This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4. This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5. Plaintiff, with offices at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law. Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure that those rights are protected under the law. Plaintiff also regularly monitors governmental activity with respect to governmental accountability. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

6. Defendant is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 2201 C Street, N.W., Washington, DC 20520. Defendant is in control and possession of the records sought by Plaintiff.

## FACTUAL ALLEGATIONS

7. On March 1, 2018, Plaintiff issued Defendant a FOIA request for records regarding Carter Center support for Hamas and the Popular Front for the Liberation of Palestine (PFLP).

8. Pursuant to State Department FOIA regulation 22 C.F.R. § 171.4(b), Plaintiff set forth a background addressing the subject, timeframe, names of any individuals involved, and reasons why the requester believes the Department may have records on the subject of the request.

9. Plaintiff identified in its FOIA request the specific records it seeks.

10. In its FOIA request, Plaintiff specified that the term "record" includes "any information" that qualifies under 5 U.S.C. § 552(f), and provided a non-exhaustive list of types of information to be included in the term "record."

11. Plaintiff further specified in its FOIA request the applicable definitions of the terms "briefing," and "DOS official."

12. Plaintiff specified in its FOIA request that "the timeframe of records requested herein is January 20, 2008 to the date this Request is processed."

13. In its FOIA request, Plaintiff requested that the Defendant support all denials by reference to specific FOIA exemptions and provide any judicially required explanatory information, including but not limited to, a *Vaughn* Index.

14. In its FOIA request, Plaintiff asserted its entitlement to expedited processing and a waiver of all associated fees, as explained in a memorandum accompanying the request and referenced therein, and reserved its right to appeal any agency withholding of records and/or any agency denial of Plaintiff's requests for expedited processing and a waiver of fees.

15. By letter dated March 9, 2018, Defendant acknowledged receipt of Plaintiff's FOIA request on March 7, 2018, and assigned Plaintiff's FOIA request Case Control Number F-2018-01744.

16. Defendant's March 9, 2018, letter also stated that Defendant "will begin the processing of your request based upon the information provided in your communication." The

letter did *not* include a date on which Defendant would provide an actual determination concerning Plaintiff's request.

17. In this same letter, Defendant denied Plaintiff's request for expedited processing, and deferred a decision on Plaintiff's request for a fee waiver.

18. The Defendant's letter failed to "notify [Plaintiff] of [] a determination and the reasons therefor" in accordance with 5 U.S.C. § 552 (a)(6)(A)(i).

19. The Defendant's letter failed to inform Plaintiff of the scope of the documents that it will produce, as well as the scope of the documents that the Defendant plans to withhold under any FOIA exemptions.

20. In fact, Defendant's letter failed even to state any future intent to produce non-exempt responsive documents.

21. Following Defendant's letter of March 8, 2018, Plaintiff never received any further communication from Defendant regarding its FOIA request.

22. Defendant did not notify Plaintiff, within 20 days (excepting Saturdays, Sundays, and legal public holidays) of receipt of Plaintiff's request, or anytime thereafter of Defendant's determination and the reasons therefor.

23. Defendant did not inform Plaintiff, within 20 days (excepting Saturdays, Sundays, and legal public holidays) of receipt of Plaintiff's request, or anytime thereafter, of the scope of the documents Defendant had determined it would produce.

24. Defendant did not inform Plaintiff, within 20 days (excepting Saturdays, Sundays, and legal public holidays) of receipt of Plaintiff's request, or anytime thereafter, of the scope of the documents Defendant had determined it would withhold under any FOIA exemptions.

25. Defendant did not inform Plaintiff of any unusual circumstances necessitating an

extension of the 20-day time period referenced in the four preceding paragraphs.

## CAUSE OF ACTION

### COUNT I
### Violation of the Freedom of Information Act

26.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

27.     The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a determination regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

28.     Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, Defendant also was required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.

29.     Plaintiff sent its FOIA request to Defendant's Office of Information Programs and Services, the component designated by Defendant to receive FOIA requests directed to Defendant, and Plaintiff's FOIA request was received by that component on March 7, 2018.

30.     Pursuant to 5 U.S.C. § 552(a)(6)(A), the 20-day period commenced on March 8, 2018. Excluding weekends and legal public holidays, Defendant was required to make its determination and provide Plaintiff with the requisite notifications by April 5, 2018.

31.     As of the date of filing of this Complaint, Defendant has failed to notify Plaintiff of any determination about whether and/or to what extent Defendant will comply with Plaintiff's FOIA request or the reasons for any such determination.

32. As of the date of filing of this Complaint, Defendant has failed to produce any records responsive to Plaintiff's request, indicate when any responsive records will be produced, or demonstrate that responsive records are exempt from production.

33. Defendant did not request information from the Plaintiff that would toll the 20-day period as contemplated by 5 U.S.C. § 552(a)(6)(A)(i)(I).

34. FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for a period not to exceed ten (10) additional working days. 5 U.S.C. § 552(a)(6)(B).

35. Defendant did not, either in its letter of March 9, 2018, or at any other time during the applicable 20-day time period, assert the existence of "unusual circumstances." As such, Defendant has not implicated the tolling provision set forth in 5 U.S.C. § 552(a)(6)(B)(i).

36. There are no "unusual circumstances" that justify Defendant's prolonged delay in responding to Plaintiff's lawful FOIA request.

37. Plaintiff has a statutory right to have Defendant process its FOIA request in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

38. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

39. FOIA provides a cause of action for a complainant from whom a federal agency has improperly withheld requested records. 5 U.S.C. § 552(a)(4)(B).

40. Through its continued delay in responding to Plaintiff's lawful request for records, and its improper withholding of such requested records, Defendant has failed to comply with FOIA's prescribed deadlines for responding to a request for records and has violated Plaintiff's statutory rights.

41. Pursuant to 5 U.S.C. § 552(a)(6)(C), because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request.

42. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

**PRAYER FOR RELIEF**

43. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant, and provide Plaintiff with the following relief:

  (a) An Order that Defendant shall conduct a diligent search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendant;

  (b) An Order enjoining Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

  (c) An Order that Defendant produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records, or portions thereof, withheld under claim of exemption;

  (d) A Declaration that Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

  (e) An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

  (f) An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: April 9, 2018

Respectfully submitted,

THE AMERICAN CENTER FOR LAW AND JUSTICE

JAY ALAN SEKULOW  (D.C. Bar No. 496335)
STUART J. ROTH (D.C. Bar No. 475937)
/s/ Abigail A. Southerland
ABIGAIL A SOUTHERLAND
   (TN. Bar. No. 026608)
BENJAMIN P. SISNEY (D.C. Bar No. 1044721)
CARLY F. GAMMILL  (D.C. Bar No. 982663)
201 Maryland Avenue, N.E.
Washington, D.C. 20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: asoutherland@aclj.org
*Counsel for Plaintiff*